IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN ANAYA and MEL ANAYA,

        Plaintiffs,

vs.                                                        No. CIV 06-0476 JB/KBM

CBS BROADCASTING INC.,
SHARYL ATTKISON,
EMMIS COMMUNICATIONS, CORP.,
AMP PARTS AND PERFORMANCE, a division
of TRI-CITY AUTO SALES, INC., and
THOMAS THOMPSON, in his official and
individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion and Memorandum of Law in Support of Defendants AMP Parts and Performance, a Division of Tri-City Auto Sales, Inc. and Thomas Thompson's Motion to Compel Further Discovery from Plaintiff Lillian Anaya, filed March 15, 2007 (Doc. 96)("Motion"). The Court held a hearing on the motion on April 30, 2007. The primary issues are: (i) whether the Court should order Plaintiff Lillian Anaya to answer Interrogatory No. 8 and produce materials responsive to Request for Production No. 4; (ii) whether the Court should order Anaya to answer Interrogatories Nos. 9 through 12 and produce materials responsive to Requests for Production 9 and 10; (iii) whether the Court should order Anaya to amend her Privilege Log so that the applicability of the privileges claimed can be evaluated; and (iv) whether the Court should order Anaya to answer interrogatory No. 22. Consistent with the Court's ruling at the hearing on this motion, for the reasons given at the time of the hearing, and because the Court concludes that the motion of Defendants AMP Parts and Performance, a Division of Tri-City Auto

Sales, Inc. and Thomas Thompson ("AMP Defendants") is well taken in part, the Court will grant it in part and deny it in part.

## FACTUAL BACKGROUND

Anaya represents that, in early May 2002, while acting within the course of her employment as a purchasing agent for the Los Alamos National Laboratories ("LANL"), she attempted to place an order for pressure transducers with a LANL vendor, Fluid Conditioning.  See Plaintiff's Amended Memorandum of Points and Authorities in Opposition to Defendants AMP Parts and Performance, a Division of Tri-City Auto Sales, Inc., and Thomas Thompson's Motion to Compel Further Discovery from Plaintiff Lillian Anaya, filed April 9, 2007 (Doc. 101)("Response").  Anaya states that she called the telephone number for Fluid Conditioning listed in LANL's records, but unknown to her and to LANL at that time, that number had been reassigned to a company called All Mustang, a division of Defendant Tri-City Auto Sales, Inc., and All Mustang used it as an unpublished "back line."  Id. at 1-2.  Anaya asserts that All Mustang's representative, Defendant Thomas Thompson, was aware from other callers of the confusion with Fluid Conditioning, and that he induced her to give him her LANL purchaser card information.  See id. at 2.  Anaya contends that, at Thompson's request, she sent to All-Mustang, via telefacsimile, the order for transducers intended for Fluid Conditioning.  See id.

Anaya alleges that, after she sent her order, All Mustang charged nearly $30,000.00 to her LANL purchase card account, later representing that she had ordered a high-performance Ford Mustang automobile and performance parts for it.  See id.  Anaya states that, although All Mustang obtained the funds in this manner, no automobile or automobile parts were ever delivered.  See id.

Anaya represents that, when she received her LANL purchase card monthly statement, she noticed the All Mustang charges, and promptly and successfully contested them, informing the bank

that she had not ordered a car or parts from a company of which she had not heard.  See id.  Anaya states that, as a consequence of her actions, LANL did not have to pay the fraudulent charges.  See id.

Anaya argues that LANL and the United States government, while not out any money, did not discourage Defendant CBS Broadcasting Inc. and its reporter, Sharyl Attkisson, from running a series of defamatory stories on CBS television news broadcasts and on the CBSNews.com website, over a two year period, falsely accusing Anaya of misusing her LANL purchase card to purchase a Mustang automobile for her personal use.  See id.  Anaya states that, on some of these news broadcasts, Thompson stated falsely that Anaya had ordered a high-performance Mustang.  See id.

## PROCEDURAL BACKGROUND

The Plaintiffs have brought various claims in this action.  See First Amended Complaint for Defamation, Negligence, Intentional Infliction of Emotional Distress, False Light Invasion of Privacy, Appropriation of Name and Likeness, Fraud, Prima Facie Tort, and Loss of Consortium, filed August 23, 2006 (Doc. 18)("Complaint").   In the Plaintiffs' operative First Amended Complaint, Anaya seeks damages against All Mustang and Thompson based on claims of Defamation, Intentional Infliction of Emotional Distress, False Light Invasion of Privacy, Fraud, and Prima Facie Tort.  See id. at 28-34.  Anaya's husband, Mel Anaya, also brings a claim for Loss of Consortium.  See id. at 35-36.

As part of her initial disclosures, Anaya provided all Defendants, including the AMP Defendants, with a privilege log.  She served the privilege log upon all counsel on September 14, 2006.  See Response, Exhibit 1, Privilege Log (dated September 14, 2006).  Anaya represents that she has not withheld any documents from production as privileged or as otherwise protected that the privilege log does not indicate and describe.  See Response at 8.

In the Provisional Discovery Plan, the Court established the timing and sequence of expert witness discovery.  The Preliminary Discovery Plan, which all parties -- including the AMP Defendants -- signed, and the Court entered, provides that the parties will designate experts forty-five days before the end of Phase II discovery.  <u>See</u> Order Adopting Provisional Discovery Plan, filed September 6, 2006 (Doc. 21).

On November 2, 2006, the AMP Defendants served Anaya with their First Set of Interrogatories and Requests for Production.  <u>See</u> Certificate of Service (dated November 2, 2006), filed November 2, 2006 (Doc. 36).  Interrogatory No. 8 asks for information related to Anaya's compensatory damages claim.  Specifically, Interrogatory No. 8 asks Anaya to "[s]tate separately, and [to] itemize in detail all special and other compensatory damages you claim to have suffered. . . ."  Motion, Exhibit A, Plaintiff Lillian Anaya's Responses to Defendant Tri-City Auto Sales, Inc.'s First Set of Interrogatories and Requests for Production of Documents at 5 (dated December 11, 2006), filed March 15, 2007 (Doc. 96-2)("Answers to First Set of Discovery Requests").

Related to Interrogatory No. 8, the AMP Defendants' Request for Production No. 4 asks for documentation and all documents pertinent or related to Anaya's alleged "lost earnings or lost earning capacity" claim, "including but not limited to, all documents which you anticipate introducing at trial to support your claim for lost earnings or lost earnings capacity."  <u>Id.</u> at 23. Request for Production No. 12 requests documentation related to Anaya's compensatory or special damages claims.  Specifically, Request No. 12 asks for "all documents . . . which pertain to any item of special or compensatory damages. . . ." <u>Id.</u> at 27.

Interrogatories Nos. 13 through 19 seek information regarding the basis for the factual and legal allegations and claims raised and asserted  in the Plaintiffs' Amended Complaint.  <u>See id.</u> at 13-17.  For example, Interrogatory No. 15 asks for information about Count II of Anaya's Amended

Complaint -- her claim for defamation against the AMP Defendants.  See id. at 15.

Interrogatory No. 22 asks about individuals who had access to Anaya's office.   In Interrogatory No. 22, the AMP Defendants ask for the identity, including current addresses and telephone numbers, of all individuals who had access to and had keys for her office while she was employed at LANL.  See id. at 19.

Request for Production No. 10 asks Anaya for "[a]ll documents and tangible items provided to any expert retained to testify at trial."  Id. at 26.

Anaya responded to the AMP Defendants' discovery requests on December 11, 2006.  See Motion, Exhibit A, Certificate of Service (dated December 11, 2006), filed March 15, 2007 (Doc. 96-2).  Anaya objected to the call for potential trial exhibits in Interrogatory No. 8 as premature, oppressive, and burdensome.  See Answers to First Set of Discovery Requests at 23.  Anaya  also objected to Request for Production No. 4 as premature, but stated that documents related to the request had already been produced as part of the initial production of the parties pursuant to rule 23(a) of the Federal Rules of Civil Procedure.  See id. at 23.  Anaya responded to Request for Production No. 12., however, providing evidence of the lost earnings element of her damages.  See id. at 27.

Anaya also objected to Interrogatories Nos. 9 through 12, and to Requests for Production Nos. 9 and 10, as premature or burdensome and oppressive, or both.  See id. at 6-13, 26.  In her response, Anaya objected to Interrogatory Nos. 13 through 19 as well.  She objected to those interrogatories on several grounds, including that they are oppressive and burdensome, overbroad, and premature.  See id. at 13-18.  Specifically, Anaya asserted that they were "premature in that [they] request[], before discovery is substantially complete or has even substantially progressed, that plaintiff state her contentions as to how particular evidence supports the allegations in her complaint

and what legal conclusions are supported by what evidence." Id. at 13-17.

Anaya raised the attorney-client privilege or work-product protection in response to several of the AMP Defendants' discovery requests. Specifically, Anaya objected to the Defendants' Interrogatories Nos. 11 through 20 and Requests for Production Nos. 2, 4, 6, and 10-13, in part, based on the attorney-client privilege and/or the work-product protection. See id. at 7-18, 22-28. The AMP Defendants represent that Anaya did not provide them with a new privilege log when asserting these objections. See Motion at 5.

In her response to Interrogatory No. 22, Anaya identified three individuals by name, giving the addresses where she knew them. See Answers to First Set of Discovery Requests at 19-20. She also identified categories of persons -- such as the fire department, building managers, and security personnel -- who may have had access to her office. See id. Anaya did not provide the individuals' telephone numbers or information regarding whether they had keys to her office. See id.

After receiving Anaya's responses to the AMP Defendants' initial discovery requests, the AMP Defendants' counsel, pursuant to rule 37(a)(2)(A), conferred with Anaya's counsel via letter in an effort to secure the appropriate responses without court action. See Motion, Exhibit B, Letter from Matthew Rappaport to John Boyd (dated January 31, 2007), filed March 15, 2007 (Doc. 96-3). The letter did not discuss whether Anaya provided a privilege log. See id. Anaya's counsel responded to the letter from the AMP Defendants' counsel on February 19, 2007. See Motion, Exhibit C, Letter from Michael Goldberg to Matthew Rappaport (dated February 19, 2007), filed March 15, 2007 (Doc. 96-4). In the response letter, Anaya's counsel stated that Anaya would supplement some of her initial answers to the AMP Defendants' discovery requests and that Anaya would continue to object to others. See id.

In accordance with her counsel's February 19, 2007 letter, Anaya supplemented her

responses to some of the AMD Defendants' first set of discovery requests on February 23, 2007.
See Motion, Exhibit D, Plaintiff Lillian Anaya's Supplemental Responses to Defendant Tri-City
Auto Sales, Inc.'s First Set of Interrogatories and Requests for Production of Documents (dated
February 23, 2007), filed March 15, 2007 (Doc. 96-5).  Anaya did not supplement her answer to
Interrogatory No. 8 or amend her response to Request for Production No. 4.  See id.  Anaya
supplemented her response to Interrogatory No. 15.  See id. at 8-9.  Despite answering one of the
previously contested interrogatories, Anaya did not supplement her prior answers to the other
Interrogatories Nos. 13 through 19.  See id. at 3-9.  Anaya supplemented her response to
Interrogatory No. 22 in a limited fashion, see id. at 9-10; she provided contact information, including
telephone numbers for the LANL personnel identified.  See id. at 4-8.  Anaya represents that she
supplemented her response to the extent that she knows the telephone numbers of the persons named
and that she does not know who has keys to her office.  See Response at 10.

Several discovery disputes remain outstanding after counsels' attempts to resolve them.  The
AMP Defendants move the Court, under rule 37(a) of the Federal Rules of Civil Procedure, for an
order compelling Anaya to respond further to discovery requests.  See Motion at 1-2.  The AMP
Defendants' motion to compel relates to the discovery requests to which Anaya has objected or to
which she allegedly has not responded satisfactorily.  See id. at 2-6.

## LAW REGARDING DISCLOSURE AND DISCOVERY

Rule 26 of the Federal Rules of Civil Procedure provides the basic rules governing disclosure
and discovery.  With respect to expert testimony, rule 26(a)(2) requires that a party disclose to other
parties the identity of a person who may be used at trial to present evidence in the form of expert
testimony, and that a report the expert prepares and signs accompany that disclosure.  See Fed. R.
Civ. P. 26(a)(2)(A) & (B).  "The report shall contain a complete statement of all opinions to be

expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions. . . ." Fed R. Civ. P. 26(a)(2)(B).  Pursuant to rule 26(b)(4)(A), a party can depose any person identified as an expert whose opinions may be expressed at trial.  See Fed. R. Civ. P. 26(b)(4)(A). If an expert report is required under rule 26(a)(2)(B), the deposition must be conducted after the report is provided.  See id.

Existing discovery instruments were designed to allow the parties "the fullest possible knowledge of the issues and facts before trial."  Hickman v. Taylor, 329 U.S. 495, 501 (1947)(acknowledging that discovery should serve to narrow and clarify the basic issues between the parties and to provide a means of ascertaining the facts regarding those issues).  Under rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  See United States v. Sec. Bank & Trust Co., 661 F.2d 847, 851 (10th Cir. 1981)(stating that discovery should be limited to relevant issues); Cornaglia v. Ricciardi, 63 F.R.D. 416, 419 (E.D. Penn. 1974)("It is beyond question that defendant is entitled to discovery of the facts upon which plaintiff's claim [] is founded.").

Rule 26(b)(5) provides:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).  See Foster v. Hill, 188 F.3d 1259, 1264 (10th Cir. 1999)(asserting that the

party claiming a privilege must prove its applicability, that privileges are narrowly construed for purposes of discovery, and that the party bears the burden as to specific questions and documents, not by making a blanket contention); Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1276 n.6 (10th 1998)(noting that the party invoking a privilege has the burden of establishing its applicability and that it is insufficient merely to contend that documents contain privileged information); United Investors Life Ins. Co. v. Nationwide Life Ins. Co., 233 F.R.D. 483, 488 (N.D. Miss. 2006)("In preparing a privilege log, a party must not invoke several protections or privileges where only one applies. . . .  For instance, when asserting a right to nondisclosure, an attorney should not state 'attorney-client privilege and/or work product.'  Either the attorney-client privilege and the work product doctrine protect the document or not. . . .").

Rule 33 of the Federal Rules of Civil Procedure concerns interrogatories.  Interrogatories can relate to any matter into which rule 26(b)(1) allows inquiry.  See Fed. R. Civ. P. 33(c).  Rule 33(c) states that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact. . . ."  Id.  Requests for opinions or contentions that call for the application of law to fact -- "contention interrogatories" -- are proper.  Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 544 (D. Kan. 2006).  A contention interrogatory that seeks, in one paragraph, all of the facts supporting allegations, however, is overly broad and unduly burdensome on its face.  See id. (citing Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D. Kan. 1998)).

With respect to the contention that interrogatories are premature, the Federal Rules of Civil Procedure expressly allow the trial court to phase discovery and delay the answers to contention interrogatories: "[T]he court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later date."  Fed.

R. Civ. P. 33(c).  On the other hand, courts have held that, "[b]ecause of the simplicity of notice pleading, [a] [p]laintiff should provide as much information as possible regarding his claims without delay;" "[a] [p]laintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [the] [d]efendant[]."  Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. at 544.  Additionally, "[p]arties must provide true, explicit, responsive, complete, and candid answers to interrogatories."  Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996)(internal citation omitted).  "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information."  Id. (internal quotations omitted).

## ANALYSIS

The Court adopts the rulings and reasoning it stated on the record at the hearing, and expands upon its previously stated rationale herein.  The Court will grant the AMP Defendants' motion in part and deny it in part.  The Court will order Anaya to answer Interrogatory No. 8 and to respond to Request for Production No. 4.  The Court will require Anaya to answer Interrogatories Nos. 13 and 14.  The Court will require the AMP Defendants to redraft and narrow the language of Interrogatories Nos. 16-19, and require Anaya to answer the amended interrogatories.  The Court will order Anaya to articulate specifically on which privileges and protections she is relying in her privilege log.  The Court will overrule Anaya's objections to Interrogatories Nos. 9-12 and Requests for Production Nos. 9 and 10.  The Court will require Anaya to answer Interrogatory No. 22. Finally, the Court will not award the AMP Defendants attorney's fees.

# I.     ANAYA HAS NOT PROVIDED INFORMATION RELEVANT TO HER DAMAGES CLAIMS (INTERROGATORY NO. 8 & REQUEST FOR PRODUCTION NO. 4).

Despite responding to Request for Production No. 12, Anaya continues to object to Interrogatory No. 8 and to Request for Production No. 4, which also seek information relating to damages. The AMP Defendants contend, without reference to authority, that Anaya waived any objections she may have had to Interrogatory No. 8 and Request for Production No. 4 by answering Request for Production No. 12. See Motion at 4. Such production, however, did not waive Anaya's ability to object to the AMP Defendants' discovery requests, even if related in subject matter to Request for Production No. 12. The AMP Defendants cite no authority for the proposition that production of documents in such circumstances is a waiver of objections to the discovery of a broader category of documents. See id. Moreover, the Court does not believe that it would be good policy to adopt such a rule. Rather, the Court believes that it should not adopt rules that discourage production and compromise; the Court should adopt principles that encourage as much self-production as possible. If the Court were to adopt the AMP Defendants' waiver theory, disclosing parties might be reluctant to answer interrogatories or to produce documents for fear that they might be waiving objections to other requests. Such a deterrent would not serve the self-policing standards of the federal discovery rules. Accordingly, Anaya's providing of evidence of the lost earnings element of her damages did not constitute a waiver of her objections to Interrogatory No. 8 or Request for Production No. 4. The Court need not find waiver, however, to require the production that is requested here.

Anaya argues that Interrogatory No. 8 and Request for Production No. 4 are premature. The Court does not believe, at this stage of the proceedings, those discovery requests are premature. There is no dispute that, at some point, Anaya will have to respond fully to this discovery or the

-11-

Court will need to compel responses to Interrogatory No. 8 and Request for Production No. 4, because they are reasonable and seek relevant information. The AMP Defendants are entitled to the information they seek in those discovery requests, because it is relevant to their defense and reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

The only issue is one of timing. The Court believes that the balance of factors suggest that Anaya should respond to these discovery requests now rather than at some indeterminate point in the future. If Anaya can provide the AMP Defendants with the facts and evidence upon which she relies to make her claims against them, they will be better able to clarify the issues in the case, narrow the scope of the dispute, decide if early settlement discussions should be entered into or whether there is a substantial basis for bringing a motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure, all of which are valid reasons for compelling answers to contention interrogatories. See In re Convergent Techs. Secs. Litig., 108 F.R.D. 328, 338-39 (C.D. Cal. 1985)(recognizing the benefits that can flow from clarifying and narrowing the issues early in the pretrial period). While the Court does not wish to pronounce a rigid rule for all cases, and there may be cases in which delay of contention interrogatories is appropriate, as a general matter, unless the parties can agree to postpone contention interrogatories until later in the case, the Court will generally side with the principle that early disclosure, with supplementation later, best promotes the policies of the federal discovery rules. The Court does not see any circumstances in this case that suggest that delaying discovery would be beneficial to this proceeding.

Anaya's objections to Interrogatory No. 8 and Request for Production No. 4 -- stating that they are premature and asking for an itemization -- are no longer valid. Those discovery requests are relevant and reasonable, because they relate to the claims for damages that Anaya has alleged against the AMP Defendants. Anaya should produce this information and the requested documents.

## II.   THE   COURT   WILL   OVERRULE   ANAYA'S   OBJECTION   TO INTERROGATORIES AND REQUESTS FOR PRODUCTION AS PREMATURE (INTERROGATORIES NOS. 13, 14 &16-19).

For the most part, Anaya has not provided information regarding the factual basis of her claims.  The AMP Defendants urge the Court to consider Anaya's answers to Interrogatory No. 15 a waiver of her objections to Interrogatories Nos. 13, 14, and 16 through 19.  See Motion at 2-3.  The Court has already rejected a similar waiver argument, and for the same reasons, will decline to accept one for this series of discovery requests.

Information related to the basis for Anaya's claims and allegations goes to the heart of the case.  As the party who filed the claims and allegations against the AMP Defendants, Anaya must provide the factual basis upon which her case relies.  See Fed. R. Civ. P. 26(b)(1)("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.").  Anaya objects to the AMP Defendants' Interrogatories 13, 14, and 16-19 as premature contention interrogatories.  For the same reasons that the AMP Defendants' discovery requests related to damages are not premature; their discovery requests concerning the facts underlying Anaya's claims are not premature.  See Cornaglia v. Ricciardi, 63 F.R.D. at 419 (stating that defendant is "entitled to discovery of the facts upon which plaintiff's claim [] is founded."); Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. at 544 ("Because of the simplicity of notice pleading, [p]laintiff should provide as much information as possible regarding his claims without delay. . . .").

As a general matter, discovery should be an open process that leads to the production of relevant information, including information that might lead to the discovery of admissible evidence. See Hickman v. Taylor, 329 U.S. at 501; Fed. R. Civ. P. 26(b)(1).  The Court does not believe there is a sound reason for relieving Anaya of her duty to provide the AMP Defendants with the most complete answers she can at this time.  See Hickman v. Taylor, 329 U.S. at 507 ("Mutual knowledge

-13-

of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). The doctrine of liberal discovery underlies the Federal Rules of Civil Procedure generally, <u>see</u> Fed. R. Civ. P. 26(b)(1), and while rule 33(c) and decisional case law allows the Court to treat contention interrogatories in a special way, this case does not appear to warrant that special treatment.

Anaya argues that, here, because discovery is in the very early stages, responding to such contention interrogatories now would lead only to incomplete responses that would require supplementation the Court would have to supervise. <u>See</u> Response at 4. Anaya also argues that not compelling early responses to such contention interrogatories is particularly appropriate where, as here, the complaint is sufficiently detailed as to the facts giving rise to the action and the various claims to enable the defendants to understand the nature of the claims being asserted. <u>See</u> <u>id.</u> at 5. <u>Cf.</u> <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 236 F.R.D. at 544-45 (finding that contention interrogatories were not premature and stating that, "[b]ecause of the simplicity of notice pleading, [p]laintiff should provide as much information as possible regarding his claims without delay and as early as required").

The Court has carefully considered Anaya's request for a delay of contention interrogatories and the current posture of this case. The Court concludes that prematurity is not a valid objection in the context of this case. The AMP Defendants' discovery requests for the factual basis of Anaya's claims are not premature. The Court will overrule this objection. Anaya is under a duty to provide the AMP Defendants with the most complete answers to her knowledge at this time. <u>See</u> <u>Hickman v. Taylor</u>, 329 U.S. at 507 ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Additionally, the Court will overrule this objection

-14-

because the rules require Anaya to supplement her responses as more information becomes available.  <u>See</u> Fed. R. Civ. P. 26(e).

The case that Anaya cites in support of her proposition that contention interrogatories are considered premature, <u>In re Convergent Technologies Securities Litigation</u>, indicates that the courts should not employ a rigid rule.  <u>See</u> 108 F.R.D. at 337.  In the end, Anaya is asking the Court to develop and apply a rigid rule against contention interrogatories in her favor.  Another case that Anaya cites, <u>Johnson v. Kraft Foods North America, Inc.</u>, supports the AMP Defendants' argument that the Court should compel Anaya to answer the contention interrogatories.  In that case, one of the issues was whether to compel a party to answer contention interrogatories despite its objection that they were premature.  <u>See</u> 336 F.R.D. at 544.  The <u>Johnson</u> court, noting that notice pleading need not provide much detail, held that the interrogatories should be answered because defendants are "entitled to know the factual basis of [p]laintiff's allegations" and that the "[p]laintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [d]efendants."  <u>Id.</u>

The Court will apply the holding in <u>Johnson v. Kraft Foods North America, Inc.</u>, because the AMP Defendants are entitled to know the factual basis of Anaya's allegations and should not have to wait until a certain phase of discovery is completed to know this information.  The Court recognizes, however, that, while Interrogatories Nos. 13 and 14 are sufficiently narrow to meet the applicable standard, Interrogatories Nos. 16 through 19 are overly broad and unspecific.  The Court will compel Anaya to answer Interrogatories Nos. 13 and 14, require the AMP Defendants to redraft Interrogatories Nos. 16 through 19 in a manner that makes them more focused and direct, and order Anaya to answer redrafted Interrogatories 16 through 19 once they are served.

III.   HAVING INVOKED ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT
       PROTECTION, ANAYA MUST PROVIDE A MORE COMPLETE PRIVILEGE
       LOG SPECIFICALLY DOCUMENTING THE BASIS FOR THE PRIVILEGE
       ASSERTED.

       The AMP Defendants argue that, while it is proper for Anaya to raise the attorney-client

privilege and the work-product protection, she has waived them, because she did not provide a

privilege log. See Motion at 5.  In response to that assertion, Anaya refers to a privilege log that she

provided with her initial disclosures.  See Response at 8; Response, Exhibit 1, Privilege Log (dated

September 14, 2006).

       The Court will not accept the AMP Defendants' argument that Anaya has waived the

attorney-client privilege and the work-product protection in this case because of several procedural,

factual, and legal problems.  Under the circumstances of this case, the Court will not find that Anaya

has waived her privileges and protections.

       Procedurally, the AMP Defendants' waiver argument is without merit.   The AMP

Defendants' meet-and-confer letter was silent on whether Anaya had provided a privilege log, yet

they filed a motion on that issue.  This case underscores the wisdom of the meet-and-confer

requirement, because had the AMP Defendants raised the issue of the privilege log during the meet-

and-confer process, it is likely that Anaya would have reminded the AMP Defendants that she

provided all Defendants, including the AMP Defendants, with a privilege log.

       In their reply, the AMP Defendants no longer argue that Anaya should produce a privilege

log.  Rather, they contend that the privilege log she provided is inadequate.  See Defendants AMP

Parts and Performance, a Division of Tri-City Auto Sales, Inc. and Thomas Thompson's Reply to

Plaintiff Lillian Anaya's Response to Motion to Compel Further Discovery at 4, filed April 20, 2007

(Doc. 103)("Reply").  The AMP Defendants represent that they reviewed Anaya's privilege log and

are unable to determine, specifically, which claim of privilege or protection applies to their Interrogatories and Requests for Production.  See id.  The AMP Defendants request that the Court order the Plaintiffs to produce a more detailed privilege log that is sufficient to satisfy rule 26(b)(5). See id.  The AMP Defendants request that such a privilege log cover all their discovery requests to which Anaya objected based on claims of attorney-client privilege or work-product protection, namely Interrogatories Nos. 11 through 20 and Requests for Production Nos. 2, 3, 6, 10, 11, 12, and 13.  See id.

While Anaya is entitled to object to the AMP Defendants' discovery requests based on the attorney-client privilege and work-product protection, she cannot avoid disclosure by making an unsubstantiated assertion of privilege.  See Foster v. Hill, 188 F.3d at 1264 (stating that the party claiming privilege bears the burden to prove the applicability of the privilege with specificity). Anaya must specify the nature of the information withheld without revealing the privileged information itself.  See Fed. R. Civ. P. 26(b)(5).  Additionally, as the party asserting these objections, Anaya has the burden of establishing their applicability, which is narrowly construed. See Foster v. Hill, 188 F.3d at 1264 (asserting that privileges are narrowly construed for purposes of discovery and that the party claiming a privilege must prove its applicability); Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d at 1276 n.6 (noting that the party invoking a privilege has the burden of establishing its applicability and that it is insufficient merely to contend that documents contain privileged information).

The Court has carefully reviewed the privilege logs that Anaya has produced, and agrees with the AMP Defendants that more information is needed.  Anaya's privilege log does not satisfy rule 26(b)(5).  The entries are not detailed and specific enough for the AMP Defendants to determine which log entries relate to their discovery requests or to assess the validity of the asserted privileges

and protections.  The Court will therefore compel Anaya to furnish a supplemented privilege log that allows the AMP Defendants to test the applicability of the asserted privileges and protections. The Court will require Anaya to link the documents appearing in the privilege log with the written discovery requests.  Anaya also needs to provide more information in the subject-matter box on the privilege log.

## IV.   THE COURT WILL OVERRULE ANAYA'S OBJECTION TO REQUEST FOR PRODUCTION NO. 10 ON THE BASIS OF WORK-PRODUCT PROTECTION (INTERROGATORIES NOS. 9-12 AND REQUESTS FOR PRODUCTION NOS. 9 AND 10).

The AMP Defendants request that the Court order Anaya to respond to Interrogatories Nos. 9 through 12, and Requests for Production Nos. 9 and 10, which ask about trial witnesses and exhibits that she may use at trial.  See Motion at 6; Reply at 5.  In her response, Anaya addressed only the AMP Defendants' Request for Production No. 10 and stated that this request was premature given the contents of the Provisional Discovery Plan.  See Response at 8-9.  Anaya argues that the AMP Defendants do not address the objection that the request is premature and thus concede that the request is premature.  See id. at 8.

Anaya's assertions, regardless of their validity, do not negate that the AMP Defendants are entitled to ask for this information under the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 26(a)(2)(A)-(B), & (b)(4)(A).  Anaya does not dispute that she must produce all the documents that she provided to her expert.  See Response at 8-9.  Rather, she asserts that, pursuant to the rules and to the Court's discovery plan, she need not produce those materials now, and that the request to produce them now is premature.  See id.

The AMP Defendants' argument that Anaya has improperly invoked the work product doctrine is largely academic.  Even though the AMP Defendants are correct, and the documents that

-18-

Anaya may have provided to her expert witnesses are not protected work product, the primary issue is whether the call for their production is premature.

The Court agrees with Anaya that <u>Energy Capital Corp. v. United States</u>, 45 Fed. Cl. 481 (Fed. Cl. 2000), upon which the AMP Defendants rely, does not suggest a particular result.  On the other hand, the Provisional Discovery Plan does not eliminate Anaya's discovery obligations under the Federal Rules of Civil Procedure.  Anaya's contentions, which are based solely on the schedule in the Provisional Discovery Plain, do not rebut the AMP Defendants' assertion that Anaya is under a duty to supplement her responses.  For reasons similar to those it stated with regard to the AMP Defendants contention interrogatories, the Court does not agree that the requests are premature.

The Court will overrule Anaya's objections.  Anaya did not properly decline to respond to Request for Production No. 10.  The Court will also order Anaya to supplement her response to Request for Production No. 10 at the appropriate time and compel her to respond to the AMP Defendants' Interrogatories Nos. 9 through 12 and Request for Production No. 9.

## V.   <u>ANAYA DID NOT RESPOND FULLY TO INTERROGATORY NO. 22.</u>

Anaya did not fully comply with her discovery obligations with respect to Interrogatory No. 22.  Anaya's original response to that discovery request, which asked for identification of and other information related to all individuals who had access to Anaya's office, was incomplete.

Anaya agreed to supplement her response, but has acknowledged that she has not done so.  <u>See</u> Response at 10.  Anaya states that she does not know the current telephone numbers of individuals she identified, nor which of them had keys to her office, and that she is not obligated to provide such information if she does not know it.  <u>See</u> <u>id.</u>  Based on those assertions, Anaya contends that she has fully complied with her discovery obligations with respect to Interrogatory No. 22.  <u>See</u> <u>id.</u>

-19-

If Anaya does not know certain information, then the AMP Defendants are entitled to a verified statement to that effect in response to Interrogatory No. 22.  See Hansel v. Shell Oil Corp., 169 F.R.D. at 305 (stating that the plaintiff is under a duty to respond fully and should state under oath if the information is unavailable); Fed. R. Civ. P. 33(b).  Anaya is not obligated to provide such information if she does not know it, especially where the information sought is as available to the propounding party as it is to the answering party.  On the other hand, she is obligated to state, under oath, that she does not know this information.  See Hansel v. Shell Oil Corp., 169 F.R.D. at 305.

## VI.   THE COURT WILL NOT AWARD THE AMP DEFENDANTS THEIR ATTORNEY'S FEES.

While the AMP Defendants have prevailed on most of the issues that their motion raises, the Court concludes that they are not entitled to their attorney's fees.  Because a substantial number of courts are more sympathetic to the delay in contention interrogatories and discovery regarding trial issues than this Court has been, and rule 33 expressly allows delay of answers to contention interrogatories, the phasing of this discovery raises a legitimate dispute.  If the parties could have agreed on these issues, the Court would have most likely gone along with a phasing schedule for such discovery.

**IT IS ORDERED** that Defendants AMP Parts and Performance, a Division of Tri-City Auto Sales, Inc. and Thomas Thompson's Motion to Compel Further Discovery from Plaintiff Lillian Anaya is granted in part and denied in part.  Anaya must answer Interrogatory No. 8 and respond to Request for Production No. 4.  Anaya is required to answer Interrogatories Nos. 13 and 14.  The AMP Defendants must redraft Interrogatories Nos. 16-19.  If and when redrafted Interrogatories Nos. 16-19 are served to Anaya, she must answer them.  Anaya must specifically articulate which privileges and protections she is relying on in her privilege log.  Anaya is required to answer

-20-

Interrogatories Nos. 9-12 and to respond to Requests for Production Nos. 9 and 10.  Anaya must answer Interrogatory No. 22.  Finally, Anaya need not pay the AMP Defendants' attorney's fees.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Todd M. Lopez
Lopez & Sakura, LLP
Santa Fe, New Mexico

-- and --

Jesse M. Boyd
Santa Fe, New Mexico

-- and --

John W. Boyd
Michael L. Goldberg
Freedman, Boyd, Daniels,
  Hollander & Goldberg, PA
Albuquerque, New Mexico

> *Attorneys for the Plaintiffs*

John B. Pound
Long, Pound & Komer, PA
Santa Fe, New Mexico

-- and --

Michael L. Raiff
Thomas S. Leatherbury
William D. Sims, Jr.
Marc A. Fuller
Vinson & Elkins, LLP
Dallas, Texas

*Attorneys for Defendants CBS Broadcasting Inc.,*
    *Emmis Communications, Corp., and Sharyl Atkisson*

Kirk R. Allen
Matthew S. Rappaport
Anita M. Kelley
Miller Stratvert PA
Albuquerque, New Mexico

*Attorneys for Defendants AMP Parts and Performance,*
    *a division of Tri-City Auto Sales, Inc. and Thomas Thompson*