IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN ANAYA and MEL ANAYA,

       Plaintiffs,

vs.

                                           No. CIV 06-0476 JB/KBM

CBS BROADCASTING INC., EMMIS
COMMUNICATIONS, CORP.,
SHARYL ATTKISSON, TRI-CITY
AUTO SALES, INC. d/b/a ALL
MUSTANG PERFORMANCE or AMP
PERFORMANCE, and THOMAS
THOMPSON in his official and
individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on CBS's Motion to Strike and Objections to the Declaration of Patricia Gingrich and the Expert Report of Roy Moore, filed August 22, 2008 (Doc. 174)("Motion"). The Court held a hearing on November 19, 2008. The primary issues are: (i) whether the Court should disregard the the Declaration of Patricia Gingrich (executed July 8, 2008); and (ii) whether the Court should disregard the Expert Report of Roy Moore (dated February 1, 2008). For reasons stated on the record, and for reasons stated herein, the Court will deny the Motion, but will consider Gingrich's declaration for the limited purpose of determining that CBS was first to name Anaya in the Ford Mustang controversy and will consider Moore's report as additional briefing on actual malice, but will not, at this time, use it as substantive evidence.

## FACTUAL BACKGROUND

The larger factual background and the context for this lawsuit are set forth in the Court's

Memorandum Opinion and Order, entered December 1, 2008 (Doc. 201). As relevant to this Motion, CBS objects to certain items that Anaya has provided as part of her briefing on CBS' Initial Motion for Summary Judgment, filed May 13, 2008 (Doc. 150)("Initial Motion for Summary Judgment"). Specifically, CBS objects to: (i) Gingrich's declaration and the accompanying exhibits; and (ii) the Moore report.

### 1. **Gingrich.**

Gingrich is neither a fact witness nor an expert in this case. In her declaration, Gingrich describes herself as a "consultant to the law firm of Freedman Boyd Hollander Goldberg & Ives, P.A." Gingrich Decl. ¶ 1, at 1. She is a client of the Plaintiffs' law firm in another case, where she is suing another national laboratory, Sandia National Laboratory, for wrongful termination and defamation arising from its handling of a national-security scandal. Although she is a client of the law firm, she worked for the firm on this case in a consulting capacity, applying specialized research and intelligence-related skills to synthesize the voluminous newspaper articles and news broadcasts that have relevance to Anaya and/or the Mustang controversy.

Her declaration contains analysis of the media coverage surrounding Anaya, and provides such information as the extent and relevant time-frames in which the media began covering the controversy surrounding Anaya at Los Alamos National Laboratory ("LANL"). Gingrich's declaration also editorializes, and attempts to show that CBS pursued Anaya's story more aggressively and more extensively than other media and that CBS was first to name Anaya in a public news story related to the Mustang controversy.

### 2. **Moore.**

Moore holds a B.A. in English from Berea College, an M.A. in Communication from the University of Kentucky, a Ph.D. in Mass Communication from the University of Wisconsin, and a

J.D. from Georgia State University. See Exhibit to Declaration of Roy L. Moore ¶ 2, at 1-2 (executed August 26, 2008)(Doc. 178-2)("Moore Decl."), Curriculum Vitae at 1. At the time Moore prepared his report, he was the Associate Vice President for Academic Affairs and Professor of Mass Communication at Georgia College & State University. See Moore Decl. ¶ 2, at 1-2. Recently, he left that position and became Dean of the College of Mass Communication at Middle Tennessee University. See id. The Plaintiffs present Moore as an expert on standards of journalism, and his report purports to comment critically on CBS' broadcasts about Anaya and the Mustang controversy. Specifically, in his report, he comments on journalistic standards and whether CBS violated those standards. Moore offers his expert opinion that CBS violated journalistic standards in various respects. He also opines that Defendant Sharyl Attkisson "should have had serious doubts about whether the allegations in her report were true." Moore Report at 11.

## PROCEDURAL BACKGROUND

With its motion for summary judgment, CBS submitted full copies, both in written transcript and in DVD video form, of the challenged broadcasts. In support of their opposition to CBS' initial summary-judgment motion, the Plaintiffs submitted Gingrich's declaration and Moore's report. Moore's report is attached to the Declaration of Michael Goldberg, one of the Plaintiffs' attorneys.

CBS objects to, and moves the Court to strike, Gingrich's declaration and Moore's report. According to CBS, Gingrich is neither an expert or a fact witness, and the proper place for the Plaintiffs to draw inferences from the evidence is in the briefing, rather than in Gingrich's declaration. See Motion at 2. CBS also objects to the use of "misleading snapshots" of the relevant broadcasts. Id. CBS maintains that these snapshots are, at times, taken out of context and are not helpful to the Court in its task of analyzing the broadcasts.

Regarding Moore's report, CBS argues that it is not sworn testimony, and that the report is

based on "traditional journalistic standards of care in news reports." Motion at 10. CBS maintains that the reference to journalistic standards speaks to a negligence analysis and that such standards are irrelevant to the subjective actual-malice determination. See Motion at 10. CBS also alleges that Moore failed to review the materials necessary to properly formulate an expert opinion in this case. See id.

Anaya contends that Gingrich is an appropriate person to authenticate the exhibits attached to her declaration and that her declaration is an appropriate vehicle for that authentication. See Plaintiffs' Response in Opposition to CBS Motion to Strike and Objections to the Declaration of Patricia Gingrich and the Expert Report of Roy Moore at 3, filed September 8, 2008 (Doc. 178)("Response"). Anaya argues that the attached exhibits are offered to help the Court in interpreting the DVDs which contain recordings of the broadcasts and that it is appropriate for the Court to consider the exhibits as it interprets the broadcasts. See Response at 4-5.

Anaya argues that CBS' contention that Moore's report should be struck as irrelevant rests upon a "crabbed and misstated theory of what constitutes proof of 'actual malice.'" Response at 12. Thus, according to Anaya, "the Supreme Court has long ago made clear that a defamation defendant cannot simply declare itself immune from liability through such effectively irrefutable state of mind declarations." Response at 12.

At the hearing, CBS conceded that it did not object to Anaya using Gingrich's declaration as something akin to an attorney declaration to authenticate certain documents. See Transcript of Hearing at 7:11-16, taken November 19, 2008 (Fuller)("Tr.").[1] CBS also stated that it does not dispute that the first time Anaya's name appeared in the public press was in its December 20, 2002

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

broadcasts.  See id. at 8:6-8 (Fuller).

Anaya argued that Gingrich declaration and the accompanying exhibits are important to the determination of actual malice because they show that CBS was first to name Anaya, and that it pursued the story aggressively.  See Tr. at 16:21-18:6 (Boyd).  Anaya also stated at the hearing that Moore's report could not, on its own, constitute proof of actual malice, but that it could contribute to a finding of actual malice.  See Tr. at 38:1-4 (Boyd).  Anaya asserts that she relies on Moore's report as an adjunct to its arguments regarding actual malice.  See Tr. at 33:12-19 (Boyd).

## ANALYSIS

There is no sound reason to strike Gingrich's declaration or Moore's report.  The Court relies on Gingrich's declaration for only one factual point, which CBS does not dispute.  And the Court can consider Moore's report as additional briefing rather than substantive evidence.

**I.   THE COURT WILL NOT STRIKE GINGRICH'S DECLARATION BUT WILL CONSIDER IT FOR LIMITED PURPOSES ONLY.**

Gingrich's appearance as a declarant is not as odd as CBS suggests.  While Gingrich is not a fact witness nor an expert witness, her declaration primarily serves the purpose of authentication. More important, while Gingrich editorializes and analyzes to some extent, much of Gingrich's analysis of the evidence is irrelevant to the Court's determination of the issues that CBS' Initial Motion for Summary Judgment raises, because the Court relied on the declaration for only one fact – a fact to which CBS stipulated at the November 19, 2008 hearing.   Specifically, the Court relies on paragraph 8, on page 9 of the declaration, in which Gingrich notes that CBS was first to publicly name Anaya in connection with the problems at LANL.  Other than for that fact, the Court has not seen it necessary to rely on the declaration, because the Court believes that it must independently view and analyze the broadcasts at issue to make a ruling on CBS' Initial Motion for Summary

Judgment.

CBS contends that the Plaintiffs' attempt to use Gingrich's Declaration to submit misleading "snapshots" of the CBS broadcasts is also improper. Even if CBS' contention in this regard were true, the Court does not rely on the snapshots in its analysis of the CBS broadcasts. The Court instead bases its analysis of the broadcasts on the recordings and transcripts of the broadcasts, which CBS provided as part of its Initial Motion for Summary Judgment.

## II.     **THE COURT WILL NOT STRIKE MOORE'S REPORT.**

While CBS contends that the Court should disregard Moore's report, the Court believes that it was proper for Anaya to put the report in the record. The Court will not, however, rely on Moore's report as substantive evidence in its determination of CBS' Initial Motion for Summary Judgment. The Court will instead treat Moore's report as additional briefing. The Court notes that, ultimately, it has not found the discussion of journalistic standards to be particularly helpful on this motion. Specifically, the Court has not relied on Moore's report in analyzing whether there is sufficient evidence for a jury to find actual malice on any of the CBS broadcasts at issue in this case.

CBS maintains that actual malice is an inherently subjective standard and that actual malice is consequently based on what was in the mind of the reporter at the time of publication. CBS therefore maintains that the expert opinion of a journalism professor, critiquing reporting based on objective criteria, does not aid the fact finder in the actual-malice inquiry. The Court need not, however, decide at this stage whether an expert report can be used as substantive evidence of actual malice, either on a motion for summary judgment or at trial. It is sufficient to say that, on CBS' Initial Motion for Summary Judgment, the Court does not rely on Moore's report in its determination, and views it as additional briefing rather than as evidence.

Thus, as stated on the record at the November 19, 2008 hearing, the Court will deny the

motion to strike from the record Gingrich's declaration and Moore's report. For purposes of deciding CBS' Initial Motion for Summary Judgment, the Court will consider Gingrich's declaration for the limited purpose of determining that CBS was first to name Anaya in the Ford Mustang controversy. The Court will consider Moore's report as additional briefing on actual malice, but will not, at this time, use it as substantive evidence.

**IT IS ORDERED** that CBS's Motion to Strike and Objections to the Declaration of Patricia Gingrich and the Expert Report of Roy Moore is denied. The Court will allow both the Declaration of Patricia Gingrich and the Expert Report of Roy Moore to remain in the record. The Court will consider Gingrich's declaration for the limited purpose of determining that CBS was first to name Anaya in the Ford Mustang controversy and will consider Moore's report as additional briefing on actual malice, but will not, at this time, use it as substantive evidence.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Todd M. Lopez
Jesse A. Boyd
Lopez, Sakura & Boyd
Santa Fe, New Mexico

-- and --

John W. Boyd
Michael Lee Goldberg
Freedman, Boyd, Daniels, Hollander
  & Goldberg, PA
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

John B. Pound
Long, Pound & Komer, P.A.
Santa Fe, New Mexico

-- and--

William D. Sims, Jr
Michael L. Raiff
Thomas S. Leatherbury
Marc A. Fuller
Vinson & Elkins L.L.P.
Dallas, Texas

*Attorneys for Defendants CBS Broadcasting Inc.,*
  *Sharyl Attkisson, and Emmis Communications, Corp.*

Frederick G. Gamble
  Attorney at Law
Tempe, Arizona

-- and --

Kirk R. Allen
Matthew Rappaport
Miller Stratvert P.A.
Albuquerque, New Mexico

*Attorneys for Defendants Tri-City Auto Sales, Inc.*
  *d/b/a All Mustang Performance or AMP Performance,*
  *and Thomas Thompson*

James P. Bieg
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Santa Fe, New Mexico

-- and --

Bruce Hall
Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

*Attorneys for Los Alamos National Laboratory and the*

*Regents of the University of California at Berkley*