IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILLIAN ANAYA and MEL ANAYA,

       Plaintiffs,

vs.                                                                          No. CIV 06-0476 JB/LCS

CBS BROADCASTING, INC., EMMIS,
COMMUNICATIONS, CORP.,
SHARYL ATTKISSON,
TRI-CITY AUTO SALES, INC. d/b/a
ALL MUSTANG PERFORMANCE or
AMP PERFORMANCE, and
THOMAS THOMPSON in his official
and individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Correct Mistake in Court's Memorandum Opinion and Order of December 1, 2008, filed January 12, 2009 (Doc. 203). The Court held a hearing on May 4, 2009. The primary issue is whether the Court should correct a sentence in its Memorandum Opinion and Order, entered December 1, 2008 (Doc. 201), that Plaintiffs Lillian Anaya and Mel Anaya have read as a finding or conclusion, rather than as a recitation of Defendants CBS Broadcasting, Inc.'s ("CBS") contention. Because the Court intended the sentence to state CBS' contention, and not to agree with the assertion, the Court will grant the Anayas' motion and add the words "CBS contends that" to the beginning of the sentence at issue.

## PROCEDURAL BACKGROUND

The Anayas contend that the Court's mistake is in the following sentence in its opinion at page 31: "Moreover, the undisputed evidence shows that CBS and Attkisson personally believed

what Lillian Anaya accuses them of reporting: that the allegations regarding the Mustang were true and that LANL's theory exonerating Lillian Anaya was false." The Anayas move the Court, pursuant to the Court's inherent authority under, among other things, rule 54(b) of the Federal Rules of Civil Procedure, to correct an alleged mistake in the Court's order of December 1, 2008. The Anayas also submitted an accompanying memorandum setting forth more fully the ground for their motion. In the accompanying memorandum, the Anayas urge the Court to correct what they as a mistake and to "reflect the correction, where appropriate, in the balance of its Opinion and Order." Plaintiffs' Memorandum in Support of Their Motion for Relief from Memorandum Opinion and Order at 8, filed January 12, 2009 (Doc. 204).

At the hearing, CBS expressed its desire for the Court to clarify that, if the Court added the three words to page 31, the Court would not alter the balance of the Memorandum Opinion and Order or reconsider the holding. See Transcript of Hearing at 7:14-8:4 (taken May 4, 2009)(Fuller)("Tr."). The Court agreed that it was not, in adding the three words, reconsidering the balance of the Memorandum Opinion and Order, bur was instead clarifying the language on page 31. See id. at 8:10-14 (Court).

**ANALYSIS**

The Anayas contend that the Court was mistaken that it is undisputed that CBS and Attkisson personally believed that the allegations regarding the Mustang were true and that LANL's theory exonerating Lillian Anaya was false. The Anayas also assert that they contest, and have always contested, that CBS and Attkisson believed that the allegations regarding the Mustang were true and that LANL's theory exonerating Lillian Anaya was false. The Anayas contend that the issue is whether Attkisson and CBS believed, in good faith, that what they were reporting is a jury issue which the Court recognized elsewhere in its Memorandum Opinion and Order.

The Court wrote the paragraph on page 31 of its Memorandum Opinion and Order to reflect CBS' contentions, but did not think, from a stylistic standpoint, that it was necessary or desirable to indicate in every sentence in the paragraph that each sentence was CBS' contention. Nevertheless, in accordance with what the Court told the parties at the May 4, 2009 hearing, the Court will, without agreeing that there is a mistake in the paragraph, grant the motion to clarify its intent for the parties.  The Court will enter an Amended Memorandum Opinion and Order altering the sentence at issue to read: "Moreover, <u>CBS contends that</u> the undisputed evidence shows that CBS and Attkisson personally believed what Lillian Anaya accuses them of reporting: that the allegations regarding the Mustang were true and that LANL's theory exonerating Lillian Anaya was false."  The Court will not otherwise change or reconsider the Memorandum Opinion and Order. If either party feels they are entitled to reconsideration of any part of the Memorandum Opinion and Order, they can bring that to the Court's attention with a proper motion to reconsider.

**IT IS ORDERED** that the Plaintiff's Motion to Correct Mistake in Court's Memorandum Opinion and Order of December 1, 2008 is granted.  The Court will issue an Amended Memorandum Opinion and Order to add the words "CBS contends that" to the sentence on page 31 of the December 1, 2008 Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Todd M. Lopez
Jesse A. Boyd
Lopez, Sakura & Boyd

Santa Fe, New Mexico

-- and --

John W. Boyd
Michael Lee Goldberg
Freedman, Boyd, Daniels, Hollander
  & Goldberg, PA
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

John B. Pound
Long, Pound & Komer, P.A.
Santa Fe, New Mexico

-- and --

William D. Sims, Jr
Michael L. Raiff
Thomas S. Leatherbury
Marc A. Fuller
Vinson & Elkins L.L.P.
Dallas, Texas

*Attorneys for Defendants CBS Broadcasting Inc.,*
*Sharyl Attkisson, and Emmis Communications, Corp.*

Frederick G. Gamble
  Attorney at Law
Tempe, Arizona

-- and --

Kirk R. Allen
Matthew Rappaport
Miller Stratvert P.A.
Albuquerque, New Mexico

*Attorneys for Defendants Tri-City Auto Sales, Inc.*
*d/b/a All Mustang Performance or AMP Performance,*
*and Thomas Thompson*

James P. Bieg
Rodey, Dickason, Sloan, Akin & Robb, P.A.

Santa Fe, New Mexico

-- and --

Bruce Hall
Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

> *Attorneys for Los Alamos National Laboratory and the*
> *Regents of the University of California at Berkley*